UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND DIVISION

FILED
JAN 17 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| TAIWO AYORINDE | } | |
| Plaintiff | } | 7:23-cv-012 |
| Vs. | } | JURY DEMANDED |
| TEAM INDUSTRIAL SERVICES INC | } | |
| Defendant | | |

### PLAINTIFF TAIWO AYORINDE'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE SAID COURT:

NOW COMES TAIWO AYORINDE, Plaintiff, and files this Original Complaint against Team Industrial Services Inc (hereinafter referred to as "**Team**" or the Defendant), its affiliates, subsidiaries and other related entities, under any name by which they are known, and for his causes of action would show the court as follows:

### INTRODUCTION

1. This is a civil right complaint for discrimination and retaliation in violation of the Civil Rights Act of 1964, 42 U.S.C §. 2000e, et seq. ("TITLE VII"), the Civil Right Act of 1866, 42 U.S.C §. 1981 (Section 1981), the Equal Pay Act of 1963, The Lilly Ledbetter Fair Pay Act of 2009 and the Age Discrimination in Employment Act (ADEA) of 1967 as amended.
2. Plaintiff Taiwo Ayorinde first started working with the Defendant sometimes in June 2016 for the Non Exempt Position of Level I Technician, (NDT/RADIOGRAPHER) based in the Odessa Texas Office in Odessa Texas and left in August 2018 as a level II Non Exempt Position Technician (NDT/RADIOGRAPHER). He was rehired in April 2022 as NDT level II before his forced resignation from Team sometimes in August 2022.
3. Team, through its supervisor Mr. Israel Ortega unilaterally reduced Mr. Taiwo Ayorinde's hourly pay rates/ earnings and all forms of compensation; wages, bonuses, trainings, and other benefits to name a few. Retaliated, and refused to update company's documents and records to reflect Plaintiff's submitted practical examinations namely: i. **Liquid Penetration Method, ii. Magnetic Particles Method iii. Radiography Method and iv. Ultrasonic Method**, which were all supervised by a qualified personnel sent from the corporate headquarters to supervise Plaintiff. At all relevant times before Plaintiff's constructive termination, this was not reflected on Team's website.

4. Plaintiff Taiwo Ayorinde, brings suit against Defendant, for constructively terminating his employment because of his race, African (African –America), in violation of the Title VII of the Civil Rights Act of 1964 as Amended and the Civil Rights Act of 1866, 42 U.S.C §.1981 and for unilaterally reducing his hourly contracted rates/wages and earnings in violation of the Equal Pay Act (EPA) of 1963, Lilly Ledbetter Fair Pay Act of 2009 and for age discrimination in violation of the Age Discrimination in Employment Act (ADEA) 1967 as amended.

## JURISDICTION & VENUE

5. The court has subject matter jurisdiction over this case under 28 U.S.C §1331 based upon Federal question subject matter jurisdiction. Personal jurisdiction over the Defendant is proper in Texas because the Defendant is a Texas corporation, incorporated in Texas and/or maintains its principal place of business in Texas.

6. Venue is proper in the Midland/Odessa Division of the Western District of Texas under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in the District.

## PARTIES

7. Plaintiff Taiwo Ayorinde is a Texas Citizen and resident of Odessa, Texas. He was employed by the defendant, Team, between 2016 and 2022 at its Odessa, Texas location.

8. Defendant, Team Industrial Services Inc (Team) is headquartered in Sugar Land Texas, a global provider of integrated, digitally enabled asset performance assurance and optimization solution. Defendant also maintains an office at 13710, W Hwy 80 E, Odessa TX, 79765 where Plaintiff worked. At all relevant times, the Defendant has continuously had over fifteen employees. Defendant has over eight thousand employees (**8,000**), two hundred and twenty (**220**) locations and in over forty (**40**) countries. Service may be effectuated on the Defendant by serving its Secretary/Human Resources Department by certified mail at: Corporate Headquarters, TEAM INC. CORPORATE 13131 Dairy Ashford, Suite 600 Sugar Land TX, 77478, United State or by personal delivery at : Corporate Headquarters, TEAM INC. CORPORATE 13131 Dairy Ashford Rd Sugar Land TX, 77478.

## ADMINISTRATIVE PREREQUISITIES

9. Plaintiff has fulfilled all conditions precedent to filing of this suit under applicable statutes and has duly exhausted all administrative prerequisites prior to instituting this action in accordance with the law. Plaintiff timely filed a Charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 30 days of forced resignation. Plaintiff has been issued a Right to Sue Letter by the EEOC and this suit is being filed within 90 days of Plaintiff's receipt of the said Right to Sue Letter. A true and correct copy of that notification is attached as **Exhibit A**

## FACTS OF THE CASE

10. Plaintiff Taiwo Ayorinde, black, African (African American) age 50, male was hired by Defendant for over two years (between June 2016 – August 2018 and April 2022 – August 2022) as NDT level I and NDT level II respectively. At all relevant times, Taiwo Ayorinde was qualified for his job position. Plaintiff had an excellent work ethics and record with the defendant which explained why he was rehired in April 2022 after leaving sometimes in August, 2018. **Offer Letter attached as EXHIBIT B.**
11. Taiwo Ayorinde's title as the time of his resignation was NDT Level II, his duties included: setup and calibrating, non destructive testing equipment, interpreting and evaluating film after x-rays, performing ultrasonic/liquid penetration/ magnetic testing on pipeline and fabrication amongst others.
12. According to the United States Census conducted in the year 2020, the City of Odessa population is 114,428 – only 6.12% are Black or African American, white; 32.68% with majority being of Hispanic or Latino origin with 56.14%
13. On information and belief, majority of the Defendant's workforce at its Odessa location are Hispanic/Latino origin.
14. At all times relevant to this complaint, Mr. Israel Ortega served as supervisor to the Plaintiff, while Mr. Adrian Juarez, was his lead.
15. Mr. Israel Ortega is a Hispanic/Latino male and so is Mr. Adrian Juarez.
16. Mr. Israel Ortega told the Plaintiff that his submitted Practical Examination results (i. Liquid Penetration Method ii. Magnetic Particles Method iii. Radiography Method and iv. Ultrasonic Method) supervised by an eligible ultrasonic personnel sent by corporate headquarters was never going to be passed on to management on his behalf, and that his record with Team was not going to get updated as needed to reflect it.
17. Israel Ortega stated further; "because Adrian told me; if he was the one that supervised your practical exams, he was going to fail you". In truth, Adrian Juarez, had said the same thing to Mr. Taiwo Ayorinde immediately after passing the practical examinations. It is worthy of notice to know that Mr. Adrian Juarez himself was not qualified nor eligible to supervise none of the practical examination mentioned above at that time but Israel Ortega did his wish any way. He did not instruct him to submit them to management.
18. Mr. Israel Ortega went further to inform Plaintiff that he was also going to reduce Plaintiff's hourly pay rates and earnings. Plaintiff replied; "that would be illegal and you would have to put it in writing". Mr. Israel Ortega said he "cared less" as he never liked his performance anyway. Mr. Israel Ortega single handedly lowered Plaintiff's contracted hourly pay rates/earnings from $32 per hour to $24 per hour. **Find attached Altered Paystubs - Exhibit D**
19. Mr. Israel Ortega authorized the non-submission of Plaintiff's Practical examination results to management, which remained on Mr. Adrian Juarez's desk even after being repeatedly brought to Mr. Israel Ortega's attention and did not reflect on company's website as required. On information and belief, Mr. Israel Ortega authorizes the submission of Hispanic employees' practical examination results on time to management and had never told white nor Hispanic employees that their contracted pay rates/earnings or wages will be lowered by him.

20. Defendant paid Plaintiff $24 per hour in lieu of the contracted $32 per hour for over a month (three bi-weekly paycheck cycles). All his earnings; vacation, holiday, training, funeral (attended father's funeral) were all pegged at the rate of $24, instead of $32. **Contracted wages - Paystubs attached as Exhibit E**
21. On information and belief, because of the reduction in his hourly pay rates, Plaintiff was being paid less per hour than similarly situated non-black - employees who had equal experience and performed similar job. In summary, he was being paid less than everyone else doing the same job.
22. Plaintiff was bereaved and had to travel outside the United States for the burial of his father. It was at this point Plaintiff realized his pay rates had been cut by Team. He was behind on his mortgage and bills, had to beg friends and relatives for money, and took out a payday loan to keep the roof over the head of his family. **PennyMac & TitleMax attached as Exhibit F**
23. Plaintiff made frantic efforts to have his pay rates restored with difficulty. After logging into ADP to confirm his fears; Plaintiff contacted Defendant's Human Resources by email on August 4, 2022. Email was sent to Wynne Mckenzy (HR department), copied: Israel Ortega (Supervisor), Jarrett Kevin (Manager) and Fuselier Peter (regional Manager). Even at that, it took over a week before Plaintiff got a response. He had to call management in addition to the email. He received the silent treatment. Find attached a copy of the **email to management; Exhibit C**
24. On Plaintiff's return to the United States early in July 2022, he found out that Mr. Israel Ortega had stopped placing him on a job. Plaintiff asked why he was not being placed on a job. Mr. Ortega said "it's slow" but in truth other co-workers were working overtime at the time.
25. Plaintiff was affected by the discriminatory decision and /or practice of Defendant to lower his wages and for not placing him on a job, as he fell behind on his mortgage payments, struggled to feed his family and had to use his car (2011 BMW 3 – Series) as a collateral for a payday loan in order to pay his mortgage and feed his family which eventually led to his forced resignation. **See attached Exhibit F supra**
26. At all relevant times Mr. Israel Ortega was acting in his official capacity as a supervisor with actual and/or apparent authority of Defendant, Team Industrial Services Inc.
27. On or about August, 2022, Plaintiff notified Defendant that he would be resigning from its employment as it was apparent that Defendant had constructively terminated Plaintiff from its employment. **Resignation Letter attached as Exhibit G**
28. Plaintiff believes that he was intentionally targeted for discrimination by Team because of his race and ethnicity (black), as he was the only employee whose wages were cut/lowered for substantially similar work, skill, effort and responsibility performed under similar working condition.

## CAUSES OF ACTION

## COUNT I

### TITLE VII - DISCRIMINATION ON THE BASIS OF RACE

29. The preceding paragraphs 1 through 28 are hereby incorporated by reference
30. Plaintiff is black, African – American and a member of a protected class because of his race.
31. Taiwo Ayorinde was performing his job in a manner that was consistent with Team's legitimate business expectations.
32. Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Right Act of 1964, as Amended (hereinafter "Title VII" or the Act") 42 U.S.C §. 2000e et seq. These practices include but are not limited to refusing to place Plaintiff on a job while others worked over time, not updating his records with management, unilaterally lowering the agreed pay rates from $32 per hour to $24 per hour, paying him less than due, due to his race and for creating a hostile working environment.
33. The effect of the discrimination complained of above has been to deprive Taiwo Ayorinde of Equal Employment opportunities and to otherwise affect Plaintiff's status as an employee because of his race.
34. Defendant, Team Industrial Services Inc is responsible for the acts and/or omissions of its agents and employees, including Mr. Israel Ortega, under the theory of *respondeat superior, vice principal, apparent/ostensible agency, and or agency by estoppel* as those concepts are understood under applicable law.

## COUNT II

### EQUAL PAY ACT (EPA) 1963 - DISCRIMINATION ON THE BASIS OF RACE

35. Mr. Taiwo Ayorinde, realleges the foregoing paragraphs as though fully set forth herein.
36. Plaintiff is a 50 year old black male, African American, a member of a protected class because of his race.
37. Mr. Taiwo Ayorinde was performing his job in a manner that was consistent with Team's legitimate business expectations.
38. Defendant paid Taiwo Ayorinde, less than what it pays for other race, for substantially similar work, when viewed as a composite of skill, effort and responsibility and performed under similar working condition. A willful violation of the Equal Pay Act.
39. Defendant engaged in an unlawful employment practice, by discriminatorily lowering Plaintiff's wages in violation of Equal Pay Act of 1963.
40. Team discriminatorily paid Plaintiff hourly rates/wages and other earnings (overtime, vacation, funeral etc) at the rate of $24 in lieu of the contracted $32 continuously spanning three bi-weekly paycheck cycles (A month and a half) in violation of the Equal Pay Act (EPA) 1963.

41. Defendant acted with malice and indifference to Plaintiff's financial circumstances because of his race or color in violation of the Equal Pay Act (EPA) by intentionally lowering his wages.

## COUNT III

## LILLY LEDBETTER FAIR PAY ACT OF 2009 - DISCRIMINATION ON THE BASIS OF RACE

42. Taiwo Ayorinde, realleges the foregoing paragraphs as though fully set forth herein.
43. Plaintiff is a 50 year old black male, African American, a member of a protected class because of his race.
44. Mr. Taiwo Ayorinde was performing his job in a manner that was consistent with Team's legitimate business expectations.
45. Defendant engaged in an unlawful employment practice by discriminatorily lowering Plaintiff's wages in violation of Lilly Ledbetter Fair Pay Act of 2009.
46. Defendant paid Taiwo Ayorinde, less than what it pays for other race, for substantially similar work, when viewed as a composite of skill, effort and responsibility and performed under similar working condition. A willful violation of the Lilly Ledbetter Fair Pay Act of 2009.
47. Team discriminatorily paid Plaintiff's hourly rates/wages and other earnings (overtime, vacation, holiday, etc) at the rate of $24 in lieu of the contracted $32 continuously spanning three bi-weekly paycheck cycles (A month and a half) in violation of Lilly Ledbetter Act of 2009.

## COUNT IV

## Age Discrimination in Employment Act (ADEA) 1967 - DISCRIMINATION ON THE BASIS OF AGE

48. Mr. Taiwo Ayorinde realleges the foregoing paragraphs as though fully set forth herein
49. Taiwo Ayorinde is a member of a protected class on the basis of age. He is black, African – American and 50 years old.
50. Mr. Taiwo Ayorinde was performing his job in a manner that was consistent with Team's legitimate business expectations.
51. Team discriminated against Mr. Taiwo Ayorinde because of his age, as described above, including but not limited to subjecting him to hostile work place, giving favorable treatment to younger employees by placing them on different jobs and working overtime while starving Plaintiff of work to do in a flagrant violation of the Age Discrimination in Employment Act of 1967 as amended.

## COUNT V

## SECTION 1981 - DISCRIMINATION & RETALIATION ON THE BASIS OF RACE

52. Mr. Taiwo realleges the foregoing paragraphs as though fully set forth herein.
53. Mr. Taiwo Ayorinde is a member of a protected class on the basis of race. He is black, African – American.
54. Mr. Taiwo Ayorinde was performing his job in a manner that was consistent with Team's legitimate business expectations.
55. Team, retaliated against Mr. Taiwo Ayorinde as described above.
56. Team discriminated against Mr. Taiwo Ayorinde as described above, including but not limited to subjecting him to hostile work place, hourly rates cut, not updating his records, non-inclusion on a job and constructive termination of employment.
57. Team's actions were taken with a willful and wanton disregard of Mr. Taiwo Ayorinde's rights under section 1981 of the Civil Rights Act of 1866.
58. The unlawful employment practices complained of above were intentional, Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff as contained in 42 U.S.C §. 1981a (b)(1) by unilaterally cutting Plaintiff's pay from $32 Per Hour to $24 Per Hour, refusal to update Plaintiff's records with management, and for not placing him on a job thereby creating a hostile working environment.
59. As a direct and proximate result of unlawful practices and in disregard of Mr. Taiwo Ayorinde's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages and lost wages.

## PRAYER

60. WHEREFORE, Plaintiff Taiwo Ayorinde prays that this Court:

   A. Enter judgment in favor of Mr. Taiwo Ayorinde and against the Defendant for violation of Mr. Taiwo Ayorinde's right under Title VII, Section 1981 of the Civil Rights Act 1866, EPA of 1963, Lilly Ledbetter Fair Pay Act of 2009 and the ADEA of 1967;
   B. Declare that the action of the Defendant constituted unlawful discrimination;
   C. Award Mr. Taiwo Ayorinde compensatory damages, including but not limited to lost wages and benefits, in such amount as will reasonably compensate for his loss and damages for emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life in the past and in the future;
   D. Award Mr. Taiwo Ayorinde punitive damages in such amount as the court deems proper;
   E. Award Mr. Taiwo Ayorinde his costs, attorney fees, non-taxable expenses, with pre – and post judgment interests at the highest rate allowed by law in this action;
   F. Grant Mr. Taiwo Ayorinde such other and further relief as the court deems equitable and just.

## JURY DEMAND

61. Plaintiff respectfully requests that this Court impanel a lawful jury to hear this case.

Respectfully submitted,

By: /s/ *Adisa A. Kareem*

ADISA KAREEM


ADISA KAREEM LAW FIRM PLLC
9500 Ray White Road, Suite 200
Fort Worth, TX 76244
Telephone:  682.808.9485
Email: adkaroffice@gmail.com
COUNSEL FOR PLAINTIFF